UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLIED VAN LINES, INC. and<br>TRANSGUARD INSURANCE<br>COMPANY OF AMERICA | CIVIL ACTION<br><br>NO. 08-1045 |
| VERSUS | |
| FAIRFIELD INSURANCE COMPANY | SECTION "N" (4) |

# O R D E R  A N D  R E A S O N S

Before the Court is the **Motion to Dismiss (Rec. Doc. 7)** pursuant to FED. R. CIV. P. 12(b)(6), or alternatively, Motion for Summary Judgment, by Defendant Fairfield Insurance Company ("Fairfield"). Fairfield claims that the instant suit is barred by the application of the doctrine of *res judicata*. Because the Court has confined its examination of the record solely to the pleadings and exhibits attached thereto, the Court proceeds under Rule 12(b)(6). After considering the pleadings, the memoranda, and the applicable law, **IT IS ORDERED** that the motion is **DENIED** for the reasons stated herein.

## I. BACKGROUND

In 2000, Willie Jenkins was an independent contractor driver for Allied Van Lines, Inc.

1

("Allied") who, fearing for his health, hired Willie Storey to assist in loading and unloading his van. *See* Compl. at ¶¶ 6-8. Jenkins obtained two insurance policies from Fairfield, an occupational accident policy and a worker's compensation policy. *See* Compl. at ¶ 11. The Plaintiffs in this case allege that the latter policy was specifically obtained to provide coverage for Storey. *Id.*

On December 11, 2000, while on a cross-country trip from Seattle to Connecticut and just as they were crossing the Indiana state line into Ohio, Jenkins and Story were involved in an accident with Jerry Morris, a driver for Cal-Ark Trucking International. *See* Compl. at ¶¶ 14-15. Storey suffered serious injuries, including a shattered right femur, that precluded his return to employment. *See* Compl. at ¶ 16. Fairfield adjusted Storey's claim and paid him benefits under the occupational accident policy and not under the workmen's compensation policy. *See* Compl. at ¶ 19.

Having been paid benefits under the occupational accident policy, Storey was not barred from recovery in tort, and on December 11, 2001 he filed suit in Louisiana state court, naming Jenkins, Allied, Allied's insurer Transguard Insurance Company of America ("Transguard"), and a number of other defendants. *See* Compl. at ¶ 22.[1] In 2002, Fairfield intervened in the case, claiming that it was subrogated as to the amount it had paid Storey on any judgment he received. *See* Compl. at ¶ 23. In 2005, Jenkins, Allied, and Transguard filed a reconventional demand and cross-claim against Fairfield, alleging that Storey was in the course and scope of employment when injured and that he should have been paid under the workmen's compensation policy,

---

[1] The case was titled *Storey v. Jenkins, Allied Van Lines, Inc., Transguard Insurance company of America, Jerry Morris, Cal-Ark Trucking International, Inc., and Wausau Insurance Company*, Dkt. No. 2001-20332, and was filed in the Orleans Parish Civil District Court.

which would have barred Storey's suit. *See* Compl. at ¶ 23. The suit demanded indemnification from Fairfield as well as fees and costs of defense. *Id.* On June 25, 2004, by Joint Order of Dismissal, Fairfield's intervention against Jenkins, Allied, and Transguard and those parties' cross-claim against Fairfield were both dismissed. *See* Compl. at ¶¶ 32-34 and Ex. 22.[2] The reason for this dismissal, as well as whether this dismissal was with or without prejudice, is a key point of contention between the parties to the instant suit.

The underlying suit of *Storey v. Jenkins et al.* continued to wind its way through Louisiana courts. Allied and Transguard filed a motion for summary judgment arguing, as they did in their cross-claim against Fairfield, that Storey was in the scope of his emplyment and that his sole remedy was worker's compensation benefits. *See* Compl. at ¶¶ 36-39. The motion was denied, and Allied and Transguard sought writs from the state Fourth Appellate Circuit and the Louisiana Supreme Court, both denied. *See Storey v. Jenkins, et al.*, 917 So.2d 1119 (La. 2005). The case then returned to the trial court and the trial judge entered judgment and reasons for judgment against all the defendants, including Allied and Transguard, adopting Storey's findings of fact on the worker's compensation issue. *See* Compl. at ¶¶ 41-43. The judgment was not appealed and eventually Allied and Transguard settled with Storey for $200,000. *See* Compl. at ¶ 47.

In the instant suit, Allied and Transguard have sued Fairfield for breach of contract in failing to pay under the worker's compensation policy, which Plaintiffs claim exposed them to defending themselves against Storey's claim and to the $200,000 settlement ultimately reached

---

[2] Storey would later file suit against Fairfield for failure to pay benefits under the occupational accident policy. This suit was later settled. *See* Compl. Exs. 18-19.

in the underlying case. *See* Compl. at ¶ 51. They also claim statutory penalties and fees under LA. REV. STAT. §§ 22:658 and 22:1220 for arbitrary, capricious, and bad faith refusal to honor the contract of insurance. *See* Compl. at ¶ 52. Fairfield has filed the present motion arguing that the suit is barred by the Louisiana res judicata statute, LA. REV. STAT. 13:4231, on two grounds: that both Allied and Transguard settled their cross-claim against Fairfield, and that they litigated and lost the question of whether Fairfield should have paid under the worker's compensation policy. *See* Mot. at 8.

## II. ANALYSIS

### A. Standard for Rule 12(b)(6)

Rule 12(b)(6) motions to dismiss are "viewed with disfavor and [are] rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000) (internal citations omitted). In considering these motions, courts must liberally construe the complaint in favor of the plaintiff, and take all well-pleaded facts in the complaint as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). "All questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir.2001). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir.2001); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995) (*quoting Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994)).

### B. Analysis

"A federal court asked to give res judicata effect to a state court judgment must apply the

res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Lafreniere Park Foundation v. Broussard*, 221 F.3d 804, 808 (5th Cir.2000); *Production Supply Co., Inc. v. Fry Steel, Inc.*, 74 F.3d 76, 78 (5th Cir.1996) (quoting *E.D. Systems Corp. v. Southwestern Bell Tel. Co.*, 674 F.2d 453, 457 (5th Cir.1982)).

The Louisiana *res judicata* statute, LA. REV. STAT. 13:4231 provides in pertinent part:

Except as otherwise provided by law, a valid and final judgment in conclusive between the same parties, except on appeal or other direct review, to the following extent:

(2)  If the judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3)  A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to the judgment.

"Pursuant to this statute, then, a second action is precluded when all of the following criteria are satisfied:  (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." *Buck v. Deutsche Bank Nat. Trust Co.*, 2006 WL 1968863 at *2 (E.D. La. 2006) (*quoting Wooley v. State Farm Fire and Cas. Ins. Co.*, 893 So.2d 746, 771 (La.2005).

Fairfield alleges that this Court must give preclusive effect to two state court actions: the Joint Partial Motion to Dismiss of June 2004 and the subsequent summary judgment motions and trial that followed that dismissal. The latter contention is easily dismissed. Both LA. REV. STAT.

13:4231 and the cases interpreting it make it clear that for a judgment to have preclusive effect in a later case, the earlier case that produced the allegedly preclusive judgment and the later case must be between the same parties. *See* LA. REV. STAT. 13:4231; *Buck*, 2006 WL 1968863 at *2. After the Joint Partial Motion to Dismiss was granted in June 2004, Fairfield, Allied, and Transguard had no further claims against each other as part of *Storey v. Jenkins et al.*, and thus as to each other they were not opposing parties in that case. Accordingly, the third factor in the Louisiana *res judicata* analysis–identity of the parties–is not met.[3]

Thus, for this case to be barred, the Order granting the Joint Partial Motion to Dismiss ("June 2004 Order") must be a final judgment that settled all claims as between Fairfield on the one hand and Allied and Transguard on the other. For the purposes of LA. REV. STAT. § 13:4231, a final judgment is one that disposes of the merits in whole or in part and would bar any action filed thereafter unless the judgment is reversed on appeal. LA. REV. STAT. § 13:4231, cmt.(d) (1990). Under LA. CODE CIV. P. Art. 1673, a dismissal with prejudice has the same effect as a

---

[3] There are narrow exceptions to this party-identity rule recognized in Louisiana law, when a nonparty in privity with a party to a prior action may be bound by an earlier judgement. The three exceptions are: (1) a nonparty who controls the original action; (2) a successor-in-interest to a prior party; and (3) a nonparty whose interests were adequately represented by a party to the original action such that he may be considered the "virtual representative" of the non-party because the interests of the party and the nonparty are so closely aligned. *Forum for Equality PAC v. Thibodeaux*, 893 So.2d 738, 745 (La. 2005) (citations omitted). The first two exceptions do not apply in the instant case, and Fairfield did not argue the third exception, so it is not before this Court. Nonetheless, the Court is skeptical that Fairfield could show that Storey, who was Allied and Transguard's opponent for both the summary judgment motion and the trial, had interests so aligned with Fairfield as to be considered Fairfield's "virtual representative." For example, it is undisputed that at one point, Storey sued Fairfield for cutting off medical benefits, Compl. Exs. 18-19, and it seems unlikely that Storey–whose overriding concern throughout the underlying litigation seems to have mostly been that *someone* pay him from *something*–had adequate incentive to fully litigate the question of whether Fairfield should have paid under the workmen's compensation policy as opposed to the occupational accident policy.

final judgment of absolute dismissal after trial.

In this case, the June 2004 Order was silent as to whether it is with or without prejudice. Allied and Transguard point to Louisiana precedent that suggests that a dismissal that does not state that it is with prejudice is without prejudice. *See State ex rel. Dept. of Soc. Serv. v. A.P.*, 858 So.2d 498, 503 (La. App. 2003); *Simmons v. Dixon*, 306 So.2d 67, 69 (La. App. 1974). But these cases are distinguishable, since they deal with involuntary dismissals for procedural insufficiency, not voluntary dismissals by plaintiffs. Unfortunately, unlike many states, Louisiana does not have a state-law version of FED. R. CIV. P. 41(a), which provides that voluntary dismissals are without prejudice unless other stated (or unless there has been a prior dismissal in state or federal court). *See* FED. R. CIV. P. 41(a); *see also*, *e.g*., ME. R. CIV. P. 41(a)(1); N.J. R. CIV. P. 4:37(a); N.C. R. CIV. P. 41(a)(1); *Kret v. Gergely*, 47 393 N.E.2d 1040 (N.Y. 1979) (dismissal is presumed to be without prejudice where it is not stated otherwise); *Burke v. W.R. Chamberlin & Co.*, 125 P.2d 120 (Cal. App. 1942) (same). No Louisiana Supreme Court decision addresses the precise issue. So the Court is left to decide an unsettled point of Louisiana law.

Nonetheless, the Court is not entirely without guidance. The Court is unable to find any state that differs from the federal rule that a voluntary dismissal is a dismissal without prejudice unless it otherwise states. To the extent that Louisiana courts have approached the issue of silent dismissals, voluntary or not, they have followed this rule. *See State ex rel. Dept. of Soc. Serv.,* So.2d at 503; *Simmons,* 306 So.2d at 69. This Court finds no Louisiana statute or precedent that suggests that Louisiana would depart from this general rule, and the parties have suggested none. Thus, this Court concludes that in Louisiana, as in other jurisdictions, a voluntary dismissal is a

dismissal without prejudice unless otherwise stated.[4] Accordingly, and applying the rule to the instant case, the Court concludes that the June 2004 Order in *Storey v. Jenkins et al.* was without prejudice and has no preclusive effect on the instant litigation, because it does not satisfy the "finality" requirement of the Louisiana *res judicata* analysis.

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the Motion to Dismiss is **DENIED**. **IT IS FURTHER ORDERED** that Defendant Fairfield shall file its answer or other responsive pleading within 10 days of notice of this Order.

New Orleans, Louisiana, this 4th day of November, 2008.

                                **KURT D. ENGELHARDT**
                                **UNITED STATES DISTRICT JUDGE**

---

[4] As regards the instant case, the conclusion the Court comes to today is strengthened by the fact that the parties prepared the Joint Partial Motion to Dismiss, and if they had intended that the dismissal was to be with prejudice, could have so moved.