# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLIED VAN LINES, INC. and TRANSGUARD INSURANCE COMPANY OF AMERICA** | **CIVIL ACTION** <br><br> **NO. 08-1045** |
| **VERSUS** | |
| **FAIRFIELD INSURANCE COMPANY** | **SECTION "N" (4)** |

# <u>O R D E R  and  R E A S O N S</u>

Before the Court are two motions: the **Motion to Reconsider (Rec. Doc. 24)** the Court's Order of November 5, 2008 (Rec. Doc. 18) and the **Motion to Dismiss, or alternatively, Motion for Summary Judgment (Rec. Doc. 31)**, both by Defendant Fairfield Insurance Company ("Fairfield"). Both motions are opposed. After considering the pleadings, the memoranda, and the applicable law, the Court rules as set forth herein.

## I. BACKGROUND

The facts of this case are set forth extensively in the Court's Order of November 5, 2008 (hereinafter "November 5th Order") and need not be recounted here. The Court will proceed to analysis of the instant motions.

## II. ANALYSIS

**A. Motion to Reconsider**

Defendant asks this Court to reconsider its judgment, embodied in the November 5th Order, that the instant suit is not barred by the doctrine of res judicata. If a motion for

1

reconsideration is filed within ten days of the entry of the order or judgment being challenged, "it will be treated as a [Rule] 59(e) motion; if it is filed after ten days, it will be treated as a [Rule] 60(b) motion." *Harrington v. Runyon*, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996) (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir. 1986)). Rule 60(a) provides a mechanism for correcting clerical errors in judgments. Rule 60(b)(1)-(5) provides 13 different grounds for relief from a final judgment, order, or proceeding.[1] Rule 60(b)(6) provides that a court may act to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). This final provision is a catch-all, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions. *Hess v. Cockrell*, 281 F.3d 212, 216 (2002). Rule 60(b)(6) motions "will be granted only if extraordinary circumstances are present." *Id.* (quoting *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)).

In the instant case, the motion was filed later than 10 days after the original judgment, and does not seek correction of a clerical error, so the Court will proceed under Rule 60(b). None

---

[1] Those grounds are:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . .

FED. R. CIV. P. 60

of the grounds enumerated in Rule 60(b)(1)-(5) are applicable in this case, where Defendant essentially argues that the Court misapplied the law, but brings forth no new evidence or evidence of fraud or mistake. Therefore, the Court construes the instant motion as a motion under Rule60(b)(6). Defendant has articulated no extraordinary circumstances that justify the granting of the motion, and accordingly, the motion is **DENIED**.[2]

**B. Motion to Dismiss or For Summary Judgment**

Defendant also moves to dismiss or for summary judgment on grounds that Plaintiffs have not stated a valid claim or that their claims are prescribed. Because the Defendants have attached material extraneous to the pleadings in support of their motion, the Court considers the motion under Rule 56.

Plaintiffs move for a continuance of the motion under Rule 56(f) of the Federal Rules of Civil Procedure, which provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may:
>     (1) deny the motion;
>     (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>     (3) issue any other just order.

"Rule 56(f) motions are 'broadly favored and should be liberally granted.'" *Smith v. Louisiana State Police*, 2008 WL 782771, at *3 (E.D. La. March 20, 2008) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)). "Although it is preferred that non-movants present an affidavit to support a continuance of discovery, there is no stringent

---

[2] Additionally, the Court finds *Medicus v. Scott*, 744 So.2d 192, 196 (La. App. 1999), which Defendant argues controls this case, to be readily distinguishable, since in the instant case there is no broad release of future claims as there was in *Medicus*.

3

procedure that will bar litigants access to further discovery." *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). "In order to trigger the rule[,] non-movants need only submit an 'equivalent statement preferably in writing' that conveys the need for additional discovery." *Id.* (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). The Court finds in the instant case that summary judgment is inappropriate prior to the filing of an answer and before any discovery has occurred, because Plaintiffs cannot adequately support their opposition without many of the documents that are the subject of outstanding discovery requests. Accordingly, **IT IS ORDERED** that

(1) within 10 days of notice of this Order, Defendant shall file an answer or other responsive pleading; and

(2) the motion for summary judgment is **DENIED WITHOUT PREJUDICE** as to Defendant's ability to bring a similarly-grounded motion after the commencement of discovery.

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the Motion to Reconsider is **DENIED**. **IT IS FURTHER ORDERED** that Defendant Fairfield shall file its answer or other responsive pleading within 10 days of notice of this Order and that the motion for summary judgment is **DENIED WITHOUT PREJUDICE** as to Defendant's ability to bring a similarly-argued motion after the commencement of discovery.

New Orleans, Louisiana, this 25th day of February, 2009.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**