UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLIED VAN LINES, INC. ET AL. | CIVIL ACTION |
| VERSUS | NO. 08-1045 |
| FAIRFIELD INSURANCE COMPANY | SECTION "N"  (4) |

## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment (Rec. Doc. 63), filed by Defendant Fairfield Insurance Company ("Fairfield").  After reviewing the memoranda of the parties, the exhibits attached thereto, and the applicable law, the Court rules as set forth herein.

### I.    FACTUAL BACKGROUND

In 2000, Willie Jenkins ("Jenkins") was an independent contractor driver for Allied Van Lines, Inc. ("Allied") who, concerned for his health, hired Willie Storey ("Storey") to assist in loading and unloading his van.  (Rec. Doc. 1, ¶¶ 6-8).  Jenkins obtained two insurance policies from Fairfield, an occupational accident policy and a worker's compensation policy. (Rec. Doc. 1, ¶ 11). The Plaintiffs in this case contend that the latter policy was specifically obtained to provide coverage for Storey. *Id.*

On December 11, 2000, while on a cross-country trip from Seattle to Connecticut and just as they were crossing the Indiana state line into Ohio, Jenkins and Story were involved in an accident with Jerry Morris, a driver for Cal-Ark Trucking International. (Rec. Doc. 1, ¶¶ 14-15).

Storey suffered serious injuries, including a shattered right femur, that precluded his return to employment. (Rec. Doc. 1, ¶ 16). Fairfield adjusted Storey's claim and paid him benefits under the occupational accident policy and not under the workmen's compensation policy. (Rec. Doc. 1,¶ 190.

Having been paid benefits under the occupational accident policy, Storey was not barred from recovery in tort, and on December 11, 2001, he filed suit in Louisiana state court, naming Jenkins, Allied, Allied's insurer, Transguard Insurance Company of America ("Transguard"), and a number of other defendants. (Rec. Doc. 1, ¶ 22).[1] In 2002, Fairfield intervened in the case, claiming that it was subrogated as to the amount it had paid Storey on any judgment he received. (Rec. Doc. 1, ¶ 23). In 2005, Jenkins, Allied, and Transguard filed a reconventional demand and cross-claim against Fairfield, alleging that Storey was in the course and scope of employment when injured and that he should have been paid under the workmen's compensation policy, which would have barred Storey's suit. (Rec. Doc. 1, ¶ 23). The suit demanded indemnification from Fairfield as well as fees and costs of defense. *Id.* On June 25, 2004, by Joint Order of Dismissal, Fairfield's intervention against Jenkins, Allied, and Transguard and those parties' cross-claim against Fairfield were both dismissed. (Rec. Doc. 1, ¶¶ 32-34).[2]

The underlying suit of *Storey v. Jenkins et al.* continued to wind its way through Louisiana courts. Allied and Transguard filed a motion for summary judgment arguing, as they did in their cross-claim against Fairfield, that Storey was in the scope of his employment and that

---

[1] The case was titled *Storey v. Jenkins, Allied Van Lines, Inc., Transguard Insurance Company of America, Jerry Morris, Cal-Ark Trucking International, Inc., and Wausau Insurance Company*, Dkt. No. 2001-20332, and was filed in the Orleans Parish Civil District Court.

[2] Storey would later file suit against Fairfield for failure to pay benefits under the occupational accident policy. This suit was later settled. (Exhibits 18-19 to Rec. Doc. 1).

2

his sole remedy was worker's compensation benefits. (Rec. Doc. 1, ¶¶ 36-39). The motion was denied, and Allied and Transguard sought writs from the state Fourth Circuit Court of Appeal and the Louisiana Supreme Court, both of which were denied. *See Storey v. Jenkins, et al.*, 917 So.2d 1119 (La. 2005). The case then returned to the trial court and the trial judge entered judgment and reasons for judgment against all the defendants, including Allied and Transguard, adopting Storey's findings of fact on the worker's compensation issue. (Rec. Doc. 1, ¶¶ 41-43). The judgment was not appealed and eventually Allied and Transguard settled with Storey for $200,000. (Rec. Doc. 1, ¶ 47).

In the instant suit, Allied and Transguard have sued Fairfield for breach of contract in failing to pay under the worker's compensation policy, which Plaintiffs claim exposed them to defending themselves against Storey's claim and to the $200,000 settlement ultimately reached in the underlying case. (Rec. Doc. 1, ¶ 51). They also claim statutory penalties and fees under LA. REV. STAT. §§ 22:658 and 22:1220 for arbitrary, capricious, and bad faith refusal to honor the contract of insurance. (Rec. Doc. 1, ¶ 52).

## II. APPLICABLE PROCEDURAL BACKGROUND

On December 13, 2008, Fairfield filed a Rule 12(b)(6) Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Rec. Doc. 31). Thereafter, Plaintiffs argued that they needed to conduct discovery. The Court granted Plaintiffs' request and denied the motion for summary judgment without prejudice as to Fairfield's ability to bring a similarly-grounded motion after the commencement of discovery. (See Rec. Doc. 47, pp. 3-4).

3

## III. LAW AND ANALYSIS

### 1. Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law ." *Id*.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); see also *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir.1990). Once the moving party carries its burden pursuant to Rule 56(c)), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; see also *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir.2001).

When considering a motion for summary judgment, the Court views the evidence in the

light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir.2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id*. (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir.2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir.2002).

**2.     Analysis**

Despite Plaintiffs' contention, the Court concludes, based on the showing made, that Fairfield's actions did NOT expose Plaintiffs to a tort suit. Indeed, Plaintiffs' theory of this case seems to be based on the incorrect notion that under Louisiana law, solely by virtue of payment of workers' compensation, tort recovery is automatically barred. Fairfield has shown that a party who contests his employment status, as Storey did throughout the state court litigation[3], may pursue both a workers' compensation claim and a tort claim. See *Dye v. Ipik Door Company, Inc.*, 570 So.2d 477, 479 (La. App. 5 Cir. 1990) ("there is no prohibition in either the jurisprudence or the statutory law against an action of this type-where the "employee" who received worker's compensation benefits later disputes his employment status and seeks to recover from the "employer" in tort"); *Harris v. State of Louisiana*, 2005-2647 (La. App. 1 Cir. 11/3/06), 950 So.2d 795, 801-802; *Bosse v. Westinghouse Electric, Inc.*, 93-1898 (La. App. 4 Cir. 5/17/94), 637 So.2d 1157, 1159 ("acceptance of worker's compensation benefits does not by itself constitute an admission of employment status or work-related injury"). Indeed, as Fairfield points out, even if Allied was an insured under the Alternate Employer endorsement of the Fairfield workers compensation policy, and even had Storey received workers' compensation benefits under the policy, his continued effort to contest his employment status would have allowed him to pursue a tort remedy against Plaintiffs. Further, Fairfield has recently submitted the deposition of Gary Pendergast, Storey's attorney in the state court litigation, which confirms that he would have filed the tort suit against Plaintiffs even if Storey's claim had been processed as a workers' compensation claim. (See Exhibit 2 to Rec. Doc. 79, pp. 9-10, 17). For these

---

[3]     See Exhibit 6 to Rec. Doc. 61.

reasons alone, Plaintiffs' case should be and hereby is dismissed, at Plaintiffs' costs. However, the Court will address some of the other alternative arguments that Fairfield claims support dismissal.

First, in response to the instant motion, Plaintiffs merely adopt an Opposition to a previous motion that was filed more than one year ago, prior to little, if any, discovery having been conducted. As Fairfield notes, large portions of the adopted opposition are now inapplicable to the instant motion (i.e., those relating to conducting more discovery under Rule 56(f), etc). Plaintiffs also assert that this Court has already ruled on the merits of this motion; however, this Court did *not* rule on the merits of it. Instead, it denied the motion without prejudice, allowed discovery to be conducted, and stated that Fairfield could file a similar motion after the commencement of discovery. (See Rec. Doc. 47, p. 4).

Next, the Court concludes that Allied was not an insured under the workers' compensation policy issued by Fairfield to Jenkins by virtue of a certificate of insurance that references an "alternate employer" endorsement (See Exhibit 4 to Rec. Doc. 61). It is true that the endorsement lists Allied as an "alternate employer." The endorsement further states, "[t]his endorsement changes the policy to which it is attached and is effective on the date indicated on the information page unless otherwise stated." (Exhibit 4 to Rec. Doc. 61, p. 2 of 3). However, the Court notes that the endorsement is not listed on the information page of the workers' compensation policy (see Exhibit 2 to Rec. Doc. 61, pp. 2-3 of 15); thus, it lacks an effective date. The certificate of insurance further states that it "confers no rights upon the certificate holder" and "does not amend, extend or alter the coverage afforded by the policies below." (Exhibit 4 to Rec. Doc. 61, p. 1 of 3). Therefore, on the face of the workers' compensation

policy provided to the Court, only Jenkins is an insured, and the certificate affords Allied no additional rights.[4] Thus, while Allied was an insured under the occupational accident policy, it was not a named or additional insured under the workers' compensation policy, and Fairfield owed no obligation to Allied under the workers' compensation policy.

Because the Court concludes that the alternate employer endorsement was not in effect and part of the workers' compensation policy, it is unnecessary to consider whether coverage would have been triggered under that endorsement. Further, Allied's breach of contract claim (relating to Fairfield's failure to pay workers' compensation benefits to Story) fails because Allied was not a party to the workers' compensation policy and, thus, lacks any contract upon which to sue. This claim is hereby dismissed.[5]

Last, Allied's claims for penalties under La. R.S. 22:658 (now La. R.S. 22:1892) and La. R.S. 22:1220 (now La. R.S. 22:1973) fail. Because the Court has concluded that Allied was not an insured under the workers' compensation policy, Allied has no right to claim penalties for Fairfield's alleged misrepresentations of policy coverages under that policy. Further, for the reasons stated by Fairfield in the instant motion (See Rec. Doc. 61, pp. 17-23), even if Allied was an insured, these penalty provisions are inapplicable to the facts of this case.

---

[4] The Court acknowledges the cases cited by Plaintiffs in their earlier-filed memorandum (Rec. Doc. 39, p. 10), which stand for the proposition that when policy language and the language in an accompanying endorsement are in conflict, the language of the endorsement prevails. However, the instant case is different as it not apparent that the endorsement ever became effective. According to the endorsement itself, it becomes effective on the date stated on the information page of the policy, which fails to list the endorsement. Thus, the Court does not see this as a case of a conflicting, yet effective, endorsement; rather, it is a case of an endorsement that never became effective, and for that reason, is of no moment.

[5] The Court notes that Plaintiffs have withdrawn the allegations regarding a second contract wherein they claim Fairfield violated an agreement to pay workers' compensation benefits. (See Pre-Trial Order, p. 16).

## IV. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 63)** is **GRANTED.** Defendant Fairfield Insurance Company is entitled to judgment as a matter of law, and this matter is dismissed in its entirety, with prejudice, at Plaintiff's costs.

New Orleans, Louisiana, this 23rd day of March 2010.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**