UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLIED VAN LINES, INC. ET AL. | CIVIL ACTION |
| VERSUS | NO. 08-1045 |
| FAIRFIELD INSURANCE COMPANY | SECTION "N" (4) |

## ORDER AND REASONS

Before the Court is "Plaintiffs' Motion for New Trial/Reconsideration Pursuant to FRCP 59" (Rec. Doc. 95). This motion is opposed by Defendant Fairfield Insurance Company ("Fairfield") (See Rec. Doc. 97). Specifically, this motion seeks reconsideration of the March 23, 2010 Order and Reasons (Rec. Doc. 93), wherein the Court granted summary judgment in favor of Fairfield. The undersigned signed the Final Judgment on that same day. (See Rec. Doc. 94). As Plaintiffs note, because the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, such motion shall be treated as a motion to alter or amend under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."

*Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989).  A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all of the facts. *Id.* Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002).

  Plaintiff claims that the instant motion has been filed to correct a "manifest error of law and fact."  (Rec. Doc. 95, p. 18).   The Court disagrees that its prior opinion reflects any manifest error, and stands by its original opinion.  For substantially the same reasons as stated by Fairfield in its opposition to the instant motion (See Rec. Doc. 97), the Court denies the motion in this regard.

  Further, to the extent that this motion was filed "due to the availability of new evidence" (See Rec. Doc. 95, p. 19), the Court finds that such evidence was indeed available prior to the Court's rendering of the underlying decision, and thus is not "new".  (See Rec. Doc. 97, pp. 10). Plaintiffs could and should have submitted supplemental briefing prior to the Court's ruling.  A motion for reconsideration may not be used to rehash evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon*, 891 F.2d at 1159.  The fact that Plaintiffs only now seek to put such evidence properly before the Court does not warrant or justify a reversal of this Court's earlier granting of summary judgment. However, for

2

substantially the reasons as cited by Fairfield in its opposition, even if the "new" evidence was considered, it would not change the Court's ultimate conclusion: that Fairfield's actions did not expose Plaintiffs to a tort suit.

Given the foregoing, the Court does not find reconsideration of its prior ruling to be necessary to prevent manifest injustice. Accordingly,

**IT IS ORDERED** that "Plaintiffs' Motion for New Trial/Reconsideration Pursuant to FRCP 59" (Rec. Doc. 95) **is DENIED.**

New Orleans, Louisiana, this 21st day of October 2010.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**